UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **COSTROMA MITCHELL,** | § | |
| **Institutional ID No. 689820,** | § | |
| **SID No. 2665509,** | § | |
| **Previous TDCJ Nos. 439543, 598408,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:11-CV-045-BL** |
| **TEXAS DEPT. OF CRIMINAL** | § | **ECF** |
| **JUSTICE,** *et al.*, | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

## ORDER TO DISMISS WITH PREJUDICE

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under

42 U.S.C. § 1983 on July 29, 2010 (Doc. 1).  Plaintiff alleges that officials at the French Robertson

Unit of the Texas Department of Criminal Justice ("TDCJ") deprived him of free exercise of his

religious beliefs under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and

deprived him of due process of law insofar as he was given a disciplinary case for refusing to keep

a medical appointment at the Montford Unit Hospital after obtaining a pass to observe a religious

holiday on the date of said appointment. This case was reassigned to the United States magistrate

judge on March 14, 2011 (Doc. 7).  On May 19, 2011, the court held an evidentiary hearing pursuant

to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915.  Plaintiff appeared at

the hearing and testified in his own behalf.  Plaintiff indicated his consent to proceed before the

United States magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 8).

Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint, as supplemented by Plaintiff's *Spears* hearing testimony.  The court has also considered Plaintiff's November 14, 2011 advisory, wherein Plaintiff indicated that he seeks to withdraw his request for an award of damages and instead seeks an award of attorneys fees.

## I.    BACKGROUND

In his complaint, as supplemented by his exhibits and his testimony, Plaintiff claims that:

1.      During all times relevant to the claims, Plaintiff was confined to the Robertson Unit.

2.      Plaintiff identifies himself as a Sunni Muslim.

3.      Plaintiff was reviewed for parole on June 4, 2010; Plaintiff was told that if denied for parole at that time, he could again be considered if he did not receive any major disciplinary cases.

4.      Plaintiff sought and obtained a pass to observe a religious holiday on September 10, 2010, at the end of Ramadan.

5.      Plaintiff indicated in January 2005 that he did not ever want to go to the Montford Unit for treatment.

6.      On June 7, 2010, Plaintiff was seen in the unit infirmary regarding his request for glasses.  A request to see the doctor was submitted so that an appointment could be scheduled.

7.      Plaintiff learned on September 10, 2010 that the medical appointment was scheduled at the Montford Unit.  Plaintiff refused to be transported to the appointment at the Montford Unit.

8.      Plaintiff was given a disciplinary case for refusing to keep his medical appointment. The disciplinary case was graded as a major case.  Plaintiff was found guilty and was sanctioned with loss of commissary and recreation privileges for 30 days, as well as 30 days of lost good time.

Plaintiff is seeking injunctive relief and an award of attorneys fees.

## II.   ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  These provisions thus apply to this prisoner civil rights action.  *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).  A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact."  *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1).  A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and claims in his complaint, his testimony at the *Spears* hearing, and his additional filings to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

A.      **Plaintiff's Motion to Amend Complaint**

Plaintiff filed an advisory with the court seeking to amend his Complaint. The court has found that Plaintiff's motion to amend the complaint should be granted; the court notes that Plaintiff has withdrawn his request for damages; Plaintiff seeks injunctive relief and an award of attorneys fees.

B.       **Free Exercise of Religion/RLUIPA Claims**

Plaintiff argues that under the Religious Land Use of Institutionalized Persons Act ("RLUIPA"), Defendants are required to use the least restrictive means of limiting free exercise of religion.  He alleges that permitting a disciplinary case to be filed against him for his refusal of transport to the Montford Unit despite his pass to observe the end of Ramadan and Jumah forced him to choose between a non-trivial benefit and following his faith.

Prisoners retain those First Amendment rights that are consistent with their status as prisoners or with the legitimate penological objectives of the prison.  *Hudson v. Palmer*, 468 U.S. 517, 523 (1984).  While imprisonment "necessarily entails a loss of manifold rights and liberties," a prisoner's right to practice his religious beliefs is protected.  *Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992).  This right is, however, subject to reasonable restrictions and limitations necessitated by penological goals.  *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).  A prisoner "is not free to do that which he might wish to do, nor may he do allowable things at a time and in a manner he might prefer." *Muhammad*, 966 F.2d at 902.  Several factors are relevant in determining whether a prison regulation infringes on an inmate's constitutional rights: (1) is there a valid, rational correlation between the prison regulation and the legitimate governmental interest advanced; (2) are there alternative means of exercising the rights that remain available to the inmates; and (3) what is the impact of an accommodation in favor of the inmate on prison staff, other inmates, and the allocation

-4-

of prison resources generally. *Id.* A prisoner's First Amendment rights may be circumscribed when legitimate penological objectives such as institutional order and security outweigh the concerns associated with preservation of the inmate's right. *See Thornburgh v. Abbott*, 490 U.S. 401, 404, 419 (1989). The court will accord "great deference to prison administrators' judgments regarding jail security." *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

The RLUIPA mandates that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). A government regulation substantially burdens a "religious exercise" for the purposes of the RLUIPA if it "truly pressures the adherent to significantly modify his religious behavior and significantly violate his beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). The Supreme Court has found that the RLUIPA does not permit recovery in the form of damages against a State. *Sossamon v. Lone Star State of Tex.*, 131 S. Ct. 1651, 1660 (2011).

The court accepts Plaintiff's allegation that he is a practicing Sunni Muslim. However, Plaintiff's allegations fail to demonstrate that he has been prevented from exercising his belief or that he has been substantially burdened in exercising his religion. Plaintiff testified that he has practiced his religious beliefs for over 25 years, that he was issued a pass so that he could observe certain religious celebrations at the end of Ramadan, and that he had previously indicated his refusal of all treatment at the Montford Unit for non-religious reasons. Plaintiff's factual allegations accepted

as true demonstrate that although he was issued a pass for religious observance, he also had refused

any treatment "for any reason" at the Montford Unit because of "three useless trips he had previously

taken to the Montford Unit", as indicated in Plaintiff's Complaint. Plaintiff indicated that he would

not seek any treatment at the Montford Unit.   These factual allegations demonstrate that no

Robertson Unit or TDCJ policies forced him to choose between following his religious beliefs or

enjoying some generally available, non-trivial benefit. *Adkins*, 393 F.3d at 569- 70.   Plaintiff has

repeatedly indicated that he chose to refuse care, and thus chose to be exposed to a disciplinary case

or conviction.  Therefore, Plaintiff's RLUIPA claim lack an arguable basis in law or fact and should

be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff also asserts claims against the Texas Department of Criminal Justice, Brad

Livingston, Rick Thaler, Warden Eddie Wheeler, Assistant Warden Leal and Dennis Melton.

Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*,

709 F. 2d 381, 382 (5th Cir. 1983).  Prison officials "cannot be automatically held liable for the

errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003).  Supervisory

officials may be held liable only if: "(i) they affirmatively participate in the acts that cause

constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in

plaintiff's injury." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992).  Vicarious

liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.,*

37 F. 2d 1146, 1150 (5th Cir. 1994). Plaintiff's allegations, accepted as true, fail to demonstrate that

these Defendants were personally involved in the alleged constitutional deprivation.  Plaintiff bases

his claims against C. Lawson, and Wardens Wheeler and Leal in part on their roles in denying his

grievance; the Fifth Circuit has made it clear that a "prisoner has a liberty interest only in 'freedoms

from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) and *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff does not "have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Id*. Therefore, Plaintiff's claims against any Defendant for denial of his grievances lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**. Plaintiff's claims based on vicarious liability and supervisory capacity also lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### C.     Due Process Claims

Plaintiff alleges that he was deprived of due process of law insofar as the case was graded a major case and thus affected his parole eligibility.

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See*

*also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  Thus, a prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, which increases his sentence beyond the time that would otherwise have resulted from state law providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  However, a prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).   The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners.  *Madison*, 104 F.3d at 767**.**

Due process requires that the prisoner receive (1) a twenty-four hour advance written notice of the hearing on the claimed violation; (2) an opportunity to be heard, including the ability to call witnesses and present evidence in his defense, when consistent with institutional safety and correctional goals; and (3) a written statement of the fact-finder detailing the evidence relied upon and the reasons for the disciplinary action.  *See Wolff,* 418 U.S. at 563-67; *see, e.g., Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) (no due process violation in denying inmate names of alleged co-conspirators when no injury has been established). Due process also requires at a minimum that "some evidence" in the record supports the disciplinary decision.  *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455 (1985); *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005); *see, e.g., Black v. Warren,* 134 F.3d 732, 734 (5th Cir. 1998) (per curiam) (inmate's civil rights suit alleging that no evidence supports disciplinary action against him properly dismissed as record revealed that "some evidence" supported charge). The "some evidence" standard is extremely deferential.  *Morgan,* 433 F.3d at 457.  The "some evidence" requirement was met where the correction officer's testimony and defendant's own statement about striking another inmate

constituted "some evidence" to support the board's decision to punish an inmate for fighting. *Banuelos,* 41 F.3d at 234.

### 1.      False Disciplinary Cases

Plaintiff alleges that Sgt. Wendy Doane initiated disciplinary proceedings against him without probable cause; that Lt. Swaner, in considering informal resolution, permitted the case to go forward; that Major Lofton graded the Plaintiff's disciplinary case as a major case; and that Captain Hopper, the disciplinary hearing officer, found Plaintiff guilty of the disciplinary case despite the policy indicating that Plaintiff could refuse treatment and without considering Plaintiff's pass for religious observance or the possibility of downgrading the case.    The court notes that malicious prosecution no longer provides an independent basis for a section 1983 claim in the Fifth Circuit.    *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) ("[N]o . . . freestanding constitutional right to be free from malicious prosecution exists."). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.*  Plaintiff testified that he refused to be transported to the Montford Unit, that he had previously refused, and that he intended to never be treated at the Montford Unit.  To the extent that Plaintiff claims that Doane brought the disciplinary proceedings against him without probable cause to do so and to the extent that Plaintiff claims that Swaner, Lofton, and Hopper deprived him of due process of law in grading the disciplinary cases, considering the case, and in finding him guilty, Plaintiff's claims fail to state a claim upon which relief may be granted and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff also alleges that the disciplinary cases affected his eligibility for parole.  Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison*, 104 F.3d at 768.  "Parole" is the "discretionary and conditional release of an

eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.* Texas has not created a constitutionally-protected liberty interest in parole or in the procedures attendant to parole decisions. *See Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991); *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997); *cf. Malchi*, 211 F.3d at 957 (5th Cir. 2000).

Plaintiff indicated that he is not eligible for mandatory supervised release. Rather, Plaintiff bases his claims on the fact that his eligibility for parole was delayed as a result of the disciplinary case. Inasmuch as the Fifth Circuit has recognized that "[i]n Texas, it is entirely speculative whether an inmate will actually obtain parole," Plaintiff's claims fail to implicate any constitutionally protected interest. *Madison*, 104 F.3d at 768. Plaintiff's claim that the disciplinary cases violated the RLUIPA because the cases may affect his parole eligibility lack an arguable basis in law or fact. Plaintiff's allegations about the disciplinary cases affecting his eligibility for parole, accepted as true, fail to state a claim upon which relief may be granted and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

> D.     **Official Capacity Claims**

Plaintiff has indicated that he is asserting claims against certain Defendants in official capacities, because he is seeking injunctive relief. The court has already found that each of Plaintiff's claims asserted against each of the Defendants lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing

*Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)).  A state's sovereign immunity is not waived for claims pursuant to  1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)).  Moreover, the State of Texas has not consented to this suit.  *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)).  As an instrumentality of the state, TDCJ is immune from a suit for money damages under the Eleventh Amendment.  *Talib*, 138 F.3d at 213.  Federal claims against state employees in their official capacities are the equivalent of suits against the state.  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).  The Eleventh Amendment immunity thus extends to TDCJ-ID officers acting in their official capacity.  *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law.  *See Aguilar*, 160 F.3d at1054.   However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation."  *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).   Plaintiff's allegations fail to demonstrate any such policy.  Plaintiff's claims against the Defendants and against TDCJ in their official capacities lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.


### III.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law,

**IT IS ORDERED THAT:**

1.      Plaintiff's claims against each of the named Defendants in their individual, official, or supervisory capacities are  **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

2.      Plaintiff's due process claims and free exercise claims are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

3.      Plaintiff's claims under RLUIPA are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Judgment shall be entered accordingly.  This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).  Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed.  *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

DATED this 3rd day of December, 2011.


_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**